IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEANNETTE WILLIAMS-CRABLE, | ) | CASE NO. 5:09 CV 2808 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Jeannette Williams-Crable, for supplemental security income.[1] The Commissioner, in response, seeks affirmation of the denial of benefits.[2] The parties have consented to magistrate judge's jurisdiction,[3] briefed their respective positions,[4] and participated in a telephonic oral argument.[5]

For the reasons that follow, the Commissioner's decision to deny benefits in this case will be reversed and the matter remanded for further proceedings.

---

[1] ECF # 1.

[2] ECF # 13.

[3] ECF # 24.

[4] ECF # 17 (Williams-Crable's brief); ECF # 21 (Commissioner's brief).

[5] ECF # 25.

**Facts**

**A.     The ALJ's decision**

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Williams-Crable had severe impairments consisting of degenerative disc disease of the lumbar spine status post lumbar laminectomy, herniated disc in the cervical spine, asthma, depressive disorder and borderline intellectual functioning.[6] The ALJ concluded from the record that Williams-Crable's impairments or combination of impairments did not meet or medically equal one of the listed impairments.[7] The ALJ then made the following finding regarding Williams-Crable's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except she needs a sit/stand option at will, which means to change positions at any time.  She needs noncomplex work, which means no bargaining, mediating, or arbitrating.  The work should be simple, repetitive learned in a short period of time.  It should not involve any written instructions, graphs, plans or details.  The work should be low stress.  Low stress is defined as low production quotas.  Her interaction with the public should be minimized.  The same limitation does not apply to coworkers or supervisors.[8]

The ALJ found that Williams-Crable had no past relevant work.[9]  However, after applying the medical-vocational grids in Appendix 2 of the regulations, considering Williams-Crable's vocational profile and receiving the testimony of a vocational expert at

---

[6] Transcript ("Tr.") at 18.

[7] *Id*. at 20.

[8] *Id.* at 22.

[9] *Id.* at 24.

the hearing, the ALJ determined that a significant number of jobs existed locally and nationally that Williams-Crable could perform.[10] The ALJ, therefore, found Williams-Crable not under a disability.[11]

**B.    The parties' positions**

Williams-Crable asks for reversal of the Commissioner's decision on several grounds.[12] Specifically, Williams-Crable argues that: (1) the ALJ's residual functional capacity (RFC) finding is not supported by substantial evidence because it failed to grant substantial weight to the opinion of her treating physician;[13] (2) the ALJ erred in discounting her claims of pain;[14] and (3) that the ALJ erred in not finding William-Crable disabled pursuant to the listing for mental retardation.[15] Accordingly, Williams-Crable seeks a reversal and/or a remand.[16]

The Commissioner maintains that substantial evidence supports the decision to deny benefits. First, as to the mental retardation listing, the Commissioner contends that to meet the listing Williams-Crable must satisfy all the criteria for the listing.[17] In that regard, the

---

[10] *Id.* at 24-25.

[11] *Id.* at 25.

[12] ECF # 17 at 8.

[13] *Id.* at 8-12.

[14] *Id.* at 12-15.

[15] *Id.* at 15-17.

[16] *Id.* at 18.

[17] ECF # 21 at 13.

Commissioner asserts that Williams-Crable not do so as regards:  (a) showing that deficits in adaptive functioning initially manifested themselves during development,[18] and (b) establishing that she had a valid verbal, performance or full scale IQ of 60 through 70.[19] Next, as to the ALJ's RFC findings the Commissioner maintains that the ALJ correctly discounted the findings of Williams-Crable's treating physician, Dr. Kun Nam, because Dr. Nam's opinion was not supported by objective medical evidence.[20]  Finally, the Commissioner contends that the ALJ properly found that Williams-Crable's allegations of disabling pain were not fully credible.[21]  Thus, the Commissioner argues that the decision here should be affirmed as supported by substantial evidence.[22]

## Analysis

**A.    Standard of review**

As the Sixth Circuit has stated, review of the Commissioner's decisions "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards."[23]  This standard requires the reviewing court to affirm the Commissioner's findings if they are supported by "such relevant evidence

---

[18] *Id*. at 14-15.

[19] *Id*. at 15-16 (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing § 12.05).

[20] *Id*. at 16-18.

[21] *Id*. at 18-20.

[22] *Id.* at 20.

[23] *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (citation omitted).

as a reasonable mind might accept as adequate to support a conclusion."[24] This means that the Commissioner's decision must be affirmed if supported by substantial evidence even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence.[25] An ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record."[26]

The Commissioner has elected to impose certain standards on the use of evidence from treating medical sources.[27] As such, the Commissioner has mandated that the ALJ "will" give a treating source's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."[28] If, alternatively, the ALJ decides not to give controlling weight to the opinion of a treating source, various factors must be balanced to determine what weight to give that opinion.[29]

In addition, the Commissioner has imposed a duty on the ALJ to "always give good reasons in [the] notice of our determination or decision for the weight we give [a] treating

---

[24] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted).

[25] *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007).

[26] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009) (citation omitted).

[27] 20 C.F.R. § 416.902.

[28] 20 C.F.R. § 416.927(d)(2).

[29] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)).

source's opinion."[30] Those "good reasons" must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating sources medical opinion and the reasons for that weight."[31] As the Sixth Circuit has emphasized, this requirement "is not simply a formality; it is to safeguard the claimant's procedural rights."[32]

**B.     Application of standard**

As noted, Williams-Crable's initial challenge is to the exertional limitations in the ALJ's RFC finding.  In essence, she maintains that the ALJ should have accepted a residual functional capacity evaluation done by her treating physician, Dr. Nam, in January of 2006, wherein Dr. Nam opines that she can lift and carry less than 10 pounds occasionally, must have a sit/stand option, and is limited in the lower extremities in terms of foot controls.[33]  He also opines that she can never climb and can occasionally stand, stoop, kneel, crouch, and crawl.[34]

In the RFC, the ALJ here found that Williams-Crable was capable of sedentary work with a sit/stand option.[35]  By definition, sedentary work requires the ability to lift no more

---

[30] 20 C.F.R. § 416.927(d)(2).

[31] Soc. Sec. Rule No. 96-2p, 1996 SSR LEXIS 9, at *12 (Soc. Sec. Admin. July 2, 1996).

[32] *Cole v. Astrue*, Case No. 09-4309, at 7 (6th Cir. Sept. 22, 2011) (slip opinion).

[33] Tr. at 337.

[34] *Id.* at 338.

[35] *Id*. at 22.

than 10 pounds at a time and to occasionally lift or carry articles such as docket files, ledgers, and small tools.[36] Williams-Crable calls into question the ALJ's failure to include the limitations on foot controls, stooping, kneeling, crouching, crawling, and occasional reaching because a vocational expert testified that with such limitations the jobs that she had identified would not exist.[37]

The Commissioner responds that Dr. Nam's evaluation is unsupported by the objective medical evidence. However, as Williams-Crable notes, Dr. Nam's treatment notes do contain complaints by Williams-Crable as to pain and cramping in the foot, back, and legs.[38] In addition, as a result of these observations, Dr. Nam requested an MRI of the lumbar spine, which disclosed a disc herniation superimposed on a disc bulge at the L4-5 vertebral level, as well as a post-operative protrusion at L5-S1.[39]

On this record, Dr. Nam referred Williams-Crable back to Mark Weiner, M.D., a neurological surgeon. Dr. Weiner examined Williams-Crable and reviewed the MRI.[40] He sent Dr. Nam a succinct but comprehensive report documenting severe low back pain and setting out the physiological basis therefor.[41] He reported to Dr. Nam that the MRI results

---

[36] 20 C.F.R. § 404.1567(a).

[37] Tr. at 588.

[38] ECF # 17 at 10 (citing tr. at 285-87).

[39] Tr. at 327.

[40] *Id.* at 331.

[41] *Id.*

noted above showed "two very degenerated discs" that were causing back pain and for which additional surgery would not help.[42]

Based on the treatment history with Williams-Crable, the MRI results, and a report from Dr. Weiner confirming that additional surgery would be of no help with the pain from multiple degenerated discs, Dr. Nam, the treating physician, then prepared the evaluation with the exertional limitations discounted by the ALJ.

In so treating the opinion of a treating source, the ALJ did not follow the articulation and weighing requirements mandated by the Sixth Circuit. The Commissioner argues that the lack of specific, direct references in Dr. Nam's opinion to Dr. Weiner's findings or to the MRI results amount to a lack of objective medical evidence for Dr. Nam's January, 2006 opinion and so warrants the decision by the ALJ to discount that opinion.[43] To the contrary, a treating physician's report need not contain all the supporting evidence to warrant the assignment of controlling weight, provided that the record contains clinical findings sufficient to support the report.[44]

Further, in discounting Dr. Nam's 2006 opinion as unsupported by objective findings, the ALJ took notice of Dr. Nam's treating notes of 2005 to the effect that pain medication had been prescribed – a fact the ALJ stated did not indicate "such problems to justify [the

---

[42] *Id.*

[43] ECF # 21 at 16 (citing *Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 176-77 (6th Cir. 2009).

[44] *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984).

-8-

exertional] limits" in Dr. Nam's 2006 opinion.[45] The ALJ's own decision, therefore, indicates that he considered the medical record beyond the four corners of Dr. Nam's 2006 opinion in seeking to minimize that opinion. There is no basis, then, for the ALJ to evaluate Dr. Nam's opinion on exertional limitations in light of treatment notes regarding pain medication but then not consider the MRI evidence of disc degeneration or the statement of a neurological surgeon that these degenerative discs caused pain that further surgery could not alleviate.

More importantly, the Commissioner cannot assert that *Price v. Commissioner of Social Security*[46] provides an ALJ with *carte blanche* authority to discount the opinion of a treating source without any further need for articulation if that opinion itself does not expressly cite to sufficient objective medical evidence. As the Sixth Circuit recently emphasized in *Cole*, the "good reasons requirement" of the treating physician rule means that, in addition to balancing the factors needed to determine what weight to give a treating source's opinion, the ALJ must articulate good reasons for giving whatever weight is actually assigned.[47] *Cole* further stated that "'[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's

---

[45] Tr. at 23.

[46] *Price*, 342 F. App'x 172.

[47] *Cole*, No. 09-4309, at 9.

opinion.'"[48] And in *Blakley v. Commissioner of Social Security*[49] the Sixth Circuit expressly cautioned that "even if we were to agree that substantial evidence supports the ALJ's weighing of each of these doctors' opinions, substantial evidence alone does not excuse non-compliance with 20 C.F.R. § 404.1527(d)(2) as harmless error."[50]

In this case, it may be true on remand that the Commissioner can reach the same conclusion that Dr. Nam's RFC findings should not control. However, inasmuch as the present RFC findings do not comply with the treating physician rule and the good reasons requirement, a remand is required.[51]

I also have problems with the ALJ's credibility analysis. Reviewing this case in the analytical framework of *Cross v. Commissioner*,[52] I find that the ALJ did not do proper pain analysis or assessment of credibility.[53] As Williams-Crable observes, for example, the ALJ appears to place weight on a pain questionnaire done by Williams-Crable for a chiropractor in 2008 listing minor pain while not addressing similar pain questionnaires in the record that indicate more severe pain.[54]

---

[48] *Id*. (quoting *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)(citation omitted)).

[49] *Blakley*, 581 F.3d 399.

[50] *Id.* at 409-10.

[51] *Id*. at 11 (citing *Wilson v. Comm'r of Soc. Sec*., 378 F.3d 541, 546 (6th Cir. 2004)).

[52] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724 (N.D. Ohio 2005).

[53] *Id*. at 732-33.

[54] ECF # 17 at 15 (citing transcript).

In addition, as Williams-Crable further notes, there is no evidence that the ALJ inquired of the medical expert at the hearing if Williams-Crable's pain complaints were reasonable given her herniated disc and degenerative disc, as well as the note from the neurological surgeon that these conditions caused her pain that physical therapy did not relieve and surgery would not help.[55]

Although the record on pain may support a finding that Williams-Crable had good days and bad days, with resulting inconsistencies as to pain severity leading to questions as to her overall credibility in this respect, the absence of a clear narrative on this issue does not excuse the ALJ from doing the kind of credibility analysis called for by the regulations. I find that this question, too, requires remand.

The only issue on which the ALJ should be affirmed is the listing issue. Williams-Crable relies on the listing for mental retardation. As argued by the Commissioner, substantial evidence does not support finding that Williams-Crable has met her burden of establishing compliance with all the diagnostic criteria for mental retardation, as opposed to borderline intellectual functioning. Further, because of conflicting IQ scores, the ALJ was free to adopt the score that did not meet the listing requirements.[56]

## Conclusion

Substantial evidence does not support the finding of the Commissioner that Williams-Crable had no disability. Accordingly, the decision of the Commissioner denying

---

[55] *See*, Tr. at 331.

[56] *See*, *Baker v. Comm'r of Soc. Sec.*, 21 F. App'x 313, 315 (6th Cir. 2001).

Williams-Crable supplemental security income is reversed and the case remanded for further proceedings consistent with this opinion.

For purposes of any potential application for attorney's fees under the Equal Access to Justice Act,[57] the Court concludes that the position of the Commissioner was substantially justified.

IT IS SO ORDERED.

Dated: October 19, 2011　　　　　　　　　　　　　　　s/ William H. Baughman, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[57] 28 U.S.C. § 2412(d)(1)(A).